QUESTION: Does a rule or regulation promulgated by a mobile home park which prohibits the display of "for sale" signs violate s. 83.71, F.S.?
SUMMARY: The prohibition of for sale signs by a mobile home park has the effect of abridging the right of mobile home owners to sell their mobile home. Chapter 74-12, Laws of Florida, amends s. 83.71, F.S., to read in pertinent part as follows: 83.71 Mobile home parks; restrictions on disposal of mobile homes, proceedings. — No mobile home park shall make or enforce any rule which shall deny or abridge the right of any resident of such mobile home park or any owner of a mobile home located in such park to sell said . . . mobile home within the park or which shall require the resident or owner to remove the mobile home from the park solely on the basis of the sale thereof. The purchaser of said mobile home, if said purchaser would otherwise qualify with the requirements of entry into the park under the park rules and regulations, may become a tenant of the park, subject to the approval of the park, but such approval may not be unreasonably withheld. The park shall not exact a commission or fee with respect to the price realized by the seller unless the park owner or operator has acted as agent for the mobile home owner in the sale pursuant to a written contract. If for any reason the park refuses permission to any resident or owner to sell to a qualified buyer and prospective tenant after three bona fide offers, then the next offer may be accepted as a matter of course. The pertinent provisions thereof prohibit a rule or regulation that shall deny or abridge the right to sell a mobile home. The question therefore turns on the definition of the words "deny or abridge." My review of the statute indicates that the term "deny" is not operative for the purposes of this opinion. Black's Law Dictionary defines the term deny to mean to "refuse to grant a petition." Webster's Seventh New Collegiate Dictionary defines the term as herein used to mean "to refuse to grant." In this regard, it would not seem that a prohibition against for sale signs would act to "refuse to grant" a mobile home owner the right to sell said mobile home. However the case law of Florida does provide a complete definition of the term "abridge." The Florida Supreme Court in Schermerhorn v. Local 1625 of Retail Clerks Int. Ass'n,141 So.2d 269 (Fla. 1962), interpreted s. 12 of the Declaration of Rights of the Florida Constitution which reads: "The right of persons to work shall not be denied or abridged on account of membership in any labor union, or labor organization; . . . ." (Emphasis supplied.) The court, at p. 276, in discussing whether an agency shop clause which required
nonunion employees to pay the equivalent of union dues was an abridgment of the right to work clause, stated as follows: Under s. 12 of the Declaration of Rights of Florida what is prohibited is the denial or abridgment of one's right to work "on account of membership or non-membership in any labor union, or labor organization." (Emphasis supplied.) When, because of his non-membership, an employee is required to pay labor union dues, or sums equal to the dues, as a condition of employment or continued employment, his right to work is "abridged." Anything which imposes a charge or expense upon the free exercise of a right, abridges it in the sense of curtailing or lessening the use or enjoyment of that right. As defined in Webster's New International Dictionary, to abridge is "to deprive; to cut off; to diminish, curtail." And "abridge" is defined in the Oxford English Dictionary as being "to curtail, to lessen, to diminish (rights, privileges, advantages, or authority.)" The Louisiana Supreme Court adopted this meaning and definition of abridged as contained in the right to work law of that state, saying: "The public policy of Louisiana is expressed in the Right to Work Act, Section 1, supra. In analyzing `the right of a person or persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization,' we must look to the meaning of the word `abridged.' A study of various law dictionaries and Webster's Dictionary will show that the Legislature intended the word `abridged,' as used in the Act, to mean `diminished, reduced, curtailed, or shortened.'" Based on the foregoing, it is my opinion that the prohibition of for sale signs diminishes the right of a resident in a mobile home park or owner of a mobile home to sell the mobile home. As such, any prohibition of for sale signs in a mobile home park is a violation of s. 83.71, F.S. (1974 Supp.). Please be aware, however, that this opinion is not to be construed as stating that a mobile home park could not impose a reasonable rule or regulation that limits the size or placement of for sale signs.